UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STRUKMYER, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Cause No. 3:13-CV-3798-L |
| INFINITE FINANCIAL SOLUTIONS, INC., SILVER EAGLE LABS, INC., MICHELE LOCKWOOD, and HANFORD LOCKWOOD, | § § § § § § | |
| Defendants. | § | |

### DEFENDANTS' MOTION TO TRANSFER VENUE, OR IN THE ALTERNATIVE, TO STAY PURSUANT TO THE FIRST-TO-FILE RULE

TO THE HONORABLE COURT:

Defendants Infinite Financial Solutions, Inc. ("Infinite Financial"), Silver Eagle Labs, Inc. ("SEL Inc."), Michele Lockwood ("Ms. Lockwood"), and Hanford Lockwood ("Mr. Lockwood") (collectively, "Defendants") respectfully file this Motion to Transfer Venue, or in the Alternative, to Stay Pursuant to the First-to-File Rule. In support of this Motion, Defendants respectfully show the Court as follows:

## I. BACKGROUND

### A. Infinite Financial and SEL Inc. File the First Lawsuit in the District of Nevada.

On August 29, 2013, Infinite Financial, SEL Inc., and NicoSpan, Inc. ("NicoSpan") (collectively the "Nevada Plaintiffs"), filed a lawsuit against Strukmyer, LLC ("Strukmyer"), the plaintiff in the above-captioned lawsuit; Silver Eagle Labs NV, LLC ("SEL NV"), a Nevada limited liability company; Silver Eagle Labs, LLC ("SEL LLC"), a Texas limited liability company; Robert Delk ("Delk"), a Texas resident; and Does 1 through 5 (collectively, "the Nevada Defendants"). (*See* App. 1-3.) The Nevada Plaintiffs sued the Nevada Defendants for direct patent infringement, misappropriation of trade secrets, intentional interference with economic advantage, negligent interference with economic advantage, breach of fiduciary duty, unjust enrichment, conversion, accounting, and, in addition, requested a declaratory judgment. (*See* App. 10-15.) This lawsuit is currently pending before the Honorable Miranda M. Du, United States District Judge for the District of Nevada, Civil Action No. 3:13-CV-00466 (the "First Lawsuit"). (App. 1; App. 59.)

The claims asserted in the First Lawsuit arise from the Nevada Defendants' misappropriation and unlawful use of certain trade secrets and patents belonging to the Nevada Plaintiffs. In particular, Infinite Financial owns US Patent 7,114,495 B2, which describes and protects technology related to a Nasal Strip with Variable Spring Rate. (App. 4.) SEL Inc. owns certain trade secrets, including information regarding the process for manufacturing, materials used, packing materials used, packaging process, sales and marketing information, and customer lists, related to a nasal strip design commonly referred to as the "dog bone" nasal strip. (App. 4.) Additionally, Infinite Financial owns NicoSpan, NicoSpan's pending patent application for a Nicotine Dissolving Strip with or without Menthol, Serial Number 12/417,540, and NicoSpan's

trademark, Serial Number 77/725400. (App. 10.)

The Nevada Plaintiffs make the following allegations in the First Lawsuit: In 2008, SEL Inc. entered into an agreement with Brady Medical for the manufacture of nasal strips. (App. 5.) In July 2012, after falling behind on its payments, Brady Medical and SEL NV executed a promissory note (the "2012 Note"). (*See* App. 5.) Strukmyer later acquired Brady Medical and the 2012 Note. (*See* App. 5.) Strukmyer and SEL NV subsequently entered into several extensions of the 2012 Note. (App. 6.)

On June 12, 2013, Strukmyer notified Infinite Financial, SEL Inc., SEL NV, and Ms. Lockwood that Strukmyer deemed the 2012 Note in default, that it accelerated the balance, and that payment was due. (App. 6.) In lieu of payment, Strukmyer proposed a foreclosure, through which Strukmyer would retain (a) a membership interest in SEL NV; (b) shares of SEL Inc.; and (c) all of SEL NV's accounts receivable. (App. 6.) Infinite Financial, as the then-member of SEL NV, agreed to Strukmyer's foreclosure terms on June 18, 2013. (App. 6.)

After the foreclosure, Strukmyer and Delk assumed control of SEL Inc., and while acting in their capacity as officers and directors of SEL Inc., eliminated all outlets through which SEL Inc. conducted business, which included dismantling SEL Inc.'s webpage, eliminating SEL Inc.'s online store, removing funds from SEL Inc.'s bank accounts, and appropriating the software that SEL Inc. used to receive purchase orders and send invoices. (App. 7-8.) Strukmyer and Delk also appropriated SEL Inc.'s trade secrets and began advertising and offering the "dog bone" nasal strip for sale on SEL TX's website. (App. 8-9.) Additionally, Strukmyer and SEL TX are also manufacturing an "econo strip" nasal strip, which infringes US Patent 7,114,495 B2, owned by Infinite Financial. (App. 9.) Finally, Strukmyer also claims

ownership of NicoSpan, along with its patent application and trademark, pursuant to Strukmyer's June 2013 foreclosure. (*See* App. 14-15.)

**B.  Strukmyer Files the Above-Captioned Lawsuit in Texas State Court.**

On August 29, 2013, counsel for the Nevada Plaintiffs notified Strukmyer of the First Lawsuit. (App. 77-78). On September 5, 2013, one week <u>after</u> the Nevada Plaintiffs filed the First Lawsuit in Nevada and after it received notice of it, Strukmyer filed a lawsuit against Defendants in Dallas County, Texas (the "<u>Second Lawsuit</u>"). (App. 18.) Strukmyer sued Defendants for breach of contract, fraud, estoppel, conversion, and tortious interference with an existing contract. (App. 30-35.)

Strukmyer's claims against Defendants arise from the same nucleus of operative facts as the claims asserted by the Nevada Plaintiffs in the First Lawsuit. Specifically, Strukmyer's claims arise from the 2012 Note, including certain representations allegedly made by the parties in connection with the 2012 Note and the extensions of the 2012 Note, and whether NicoSpan, its patent application, and its trademark were included as part of the collateral for it and thereby included in Strukmyer's June 2013 foreclosure. (*See* App. 20-27.) Strukmyer also raises allegations regarding the use of the software that SEL Inc. used to receive purchase orders and send invoices. (*See* App. 27-30.)

**C.  Defendants Remove the Second Suit to This Court.**

On September 5, 2013, Associate Judge Sheryl McFarlin issued an *ex parte* Temporary Restraining Order against Defendants, which has now expired by its own terms. (*See* Defs.' Not. of Removal (ECF Doc. 2) at 57-60.) On September 18, 2013, Defendants removed the Second Lawsuit to this Court. (*See* Defs.' Not. of Removal (ECF Doc. 2) at 1-4.) For the reasons stated below, Defendants respectfully request that this Court transfer this case to the United States

District Court for the District of Nevada, or in the alternative, stay this case, pursuant to the first-to-file rule.

## II. ARGUMENT

### A. The Court Should Transfer the Second Lawsuit to the United States District Court for the District of Nevada.

A district court may transfer a case where, as here, the opposing parties have filed separate lawsuits concerning the same core facts in two different federal jurisdictions. *See, e.g., Wells Fargo Bank, N.A. v. West Coast Life Ins. Co.*, 631 F. Supp. 2d 844, 846-47 (N.D. Tex. 2009) (Lynn, J.) (transferring the second filed case to the district in which the first filed case was pending). In such instances, the district court in which the later action was filed may dismiss, stay, or transfer the suit in order to avoid duplicative litigation. *See West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-31 (5th Cir. 1985).[1] Typically, referred to as the "first to file rule," this principle of comity recognizes that the court in which a civil action is first filed is the court with jurisdiction over the action and that the second court should defer to the first. *Save Power Ltd. v. Syntek Fin. Cop.*, 121 F.3d 947, 950 (5th Cir. 1997).[2]

---

[1] More recent Fifth Circuit authority indicates that the second court does not have the authority to dismiss the second filed case and should instead transfer the case to the first court. *E.g., Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999) ("[T]he Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed. Thus, once the district court found that the issues might substantially overlap, the proper course of action was for the court to transfer the case to the Laredo court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed. The district court erred by dismissing the suit.") (internal quotation marks and citations omitted).

[2] This rule is well-established in this Circuit. *See, e.g., Cadle Co.*, 174 F.3d at 603 ("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) ("The 'first to file' rule is grounded in principles of comity and sound judicial administration. The federal courts have long recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs."); *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 n. 28 (5th Cir. 1992)) ("The West Gulf and First City cases deal with the so-called first-to-file rule, which comes into play when a plaintiff files similar lawsuits in two different federal districts."); *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729

To determine whether to apply the first-to-file rule, the second court must consider whether the two lawsuits are "involve substantially similar issues [such] that one court should decide the subject matter of both actions." *See Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993) (citation omitted). The two cases need not be identical; nor must the parties be identical for the rule to apply. *Save Power Ltd.*, 121 F.3d at 950-51. The two lawsuits need only involve the same core issues. Once the second court determines that the action satisfies the first-to-file rule, then the second court must defer to the first filed court to determine whether the second case should proceed. *E.g., Cadle Co v. Whataburger of Alice, Inc.*, 174 F.3d 599, 609 (5th Cir. 1999).

Here, all of the requirements of the first-to-file rule are satisfied. The First Lawsuit and the Second Lawsuit involve the same core issues: both lawsuits arise from and relate to the 2012 Note and the facts related to its foreclosure; both lawsuits seek a resolution of the ownership NicoSpan, its patent application, and its trademark; and both lawsuits involve allegations regarding the appropriation of the software that SEL Inc. used to receive purchase orders and send invoices. (*Compare* App. 5-8, 10, 14-15 *with* App. 20-30.) In fact, the allegations are so closely related that any resolution of the First Lawsuit will necessarily resolve the disputed issues of fact in the Second Lawsuit.

Moreover, although the parties are not identical in both lawsuits, Infinite Financial, SEL Inc., and Strukmyer are parties in both the First and Second Lawsuits. (*See* App. at 1, 18.) Ms. Lockwood and Mr. Lockwood, although not named as parties in the First Lawsuit, are repeatedly mentioned in the Nevada Complaint (App. 2, 6, 10), and Ms. Lockwood is referred to as a "pertinent" party (App. 2). Although SEL NV, SEL TX, and NicoSpan, are not named parties in

---

(5th Cir. 1985) ("To avoid these ills, a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district.").

the Second Suit, they are repeatedly referenced in Strukmyer's Original Petition, (*see* App. 20-30), and Delk verified the facts of Strukmyer's Original Petition (App. 37). All of these individuals and entities are likely to be witnesses in both cases, further underscoring the fact that these case involve substantially the same facts and issues.

As the court in which the first suit was filed, the Nevada district court is entitled to determine which forum should hear this dispute. To avoid any unnecessary delay for both lawsuits, Defendants respectfully request that this Court transfer this case to the United States District Court for the District of Nevada.

### B. In the Alternative, this Court Should Stay this Lawsuit Until the United States District Court for District of Nevada Determines Whether This Case Should Proceed.

A district court may stay "an action where the issues presented can be resolved in an earlier-filed action pending in another district court." *See also Excentus Corp. v. Kroger Co.*, No. 3:10-CV-0483-B, 2010 WL 3606016, at *1, 4 (N.D. Tex. Sept. 16, 2010) (Boyle, J.) (staying the second filed case and noting that "[o]nce the court in the later-filed action finds the issues involved are likely to substantially overlap, it is up to the first-filed court to resolve the question of whether both cases should proceed"). In the alternative, Defendants respectfully request that this Court stay this case until the District of Nevada determines whether it should proceed. *See Texas Instruments Inc.*, 815 F. Supp. at 999 (staying the second filed case).

### III. PRAYER

Defendants Infinite Financial Solutions, Inc., Silver Eagle Labs, Inc., Michele Lockwood, and Hanford Lockwood respectively request that the Court transfer this case to the United States District Court for the District of Nevada, or in the alternative, stay this case until the District of Nevada determines whether this case should proceed.

DATED: October 7, 2013                     Respectfully submitted,

                                            */s/ Christopher J. Schwegmann*
                                            Christopher J. Schwegmann
                                            Texas Bar No. 24051315
                                            Elizabeth Y. McElroy
                                            Texas Bar No. 24067758
                                            **LYNN TILLOTSON PINKER & COX, L.L.P.**
                                            2100 Ross Avenue, Suite 2700
                                            Dallas, Texas 75201
                                            Telephone: 214-981-3800
                                            Facsimile: 214-981-3839

                                            **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

I certify that on October 7, 2013, I conferred with counsel for Plaintiff Strukmyer, LLC and counsel for Plaintiff Strukmyer, LLC stated that Plaintiff Strukmyer, LLC is opposed to the relief requested in this Motion.

                                            */s/ Christopher J. Schwegmann*
                                            Christopher J. Schwegmann

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on October 7, 2013.

**VIA FACSIMILE AND VIA EFC**
Kenneth W. Sloan, Esq.
Andrew H. Roberts, Esq.
SLOAN & ROBERTS, PLLC
5950 Berkshire Lane, Suite 450
Dallas, Texas 75225

                                            */s/ Christopher J. Schwegmann*
                                            Christopher J. Schwegmann