IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STRUKMYER, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-3798-L |
| | § | |
| INFINITE FINANCIAL SOLUTIONS, | § | |
| INC., et al. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND TRANSFER ORDER

Defendants Infinite Financial Solutions, Inc., Silver Eagle Labs, Inc., Michael Lockwood, and Hanford Lockwood (collectively "Defendants") have filed a Motion to Transfer Venue, or in the Alternative, to Stay Pursuant to the First-to-File Rule. *See* Dkt. No. 7. This motion has been referred for determination to the undersigned magistrate judge for determination pursuant to 28 U.S.C. § 636(b) and an order of reference. *See* Dkt. No. 9. For the reasons set forth herein, Defendant's Motion to Transfer Venue [Dkt. No. 7] is GRANTED.

### Background

On August 29, 2013, Infinite Financial Solutions, Inc., Silver Eagle Labs, Inc., and NicoSpan, Inc. sued Strukmyer, LLC, Silver Eagle Labs NV, LLC, Silver Eagle Labs, LLC, Robert Delk, and Does 1 through 4, alleging direct patent infringement, misappropriation of trade secrets, intentional interference with economic advantage, breach of fiduciary duty, unjust enrichment, conversion, and accounting and seeking

a declaratory judgment. That lawsuit is pending in the United States District Court for the District of Nevada, Case No. 3:13-cv-466. The claims in that suit arise from the defendants' alleged misappropriation and unlawful use of certain trade secrets and patents belong to Infinite Financial Solutions, Inc., Silver Eagle Labs, Inc., and NicoSpan, Inc.

One week after Strukmyer, LLC was notified of the Nevada lawsuit, Plaintiff Strukmyer, LLC ("Strukmyer" or "Plaintiff") filed the instant suit in Dallas County court, suing Defendants for breach of contract, estoppel, conversion, and tortious interference with an existing contract. Defendants removed the suit to this Court on September 18, 2013. *See* Dkt. No. 2. Pursuant to the first-to-file rule, Defendants request that the Court transfer this case to the United States District Court for the District of Nevada, the court in which the first suit was filed. *See* Dkt. No. 7 at 7. Defendants alternatively request that the Court stay this action until the Nevada federal court determines whether it should proceed. *See id.*

## Legal Standards

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "The first-to-file rule is a discretionary doctrine" that "rests on principles of comity and sound judicial administration," animated by the concern "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a

uniform result." *Id.* (internal quotation marks omitted).

According to this well-settled rule, typically, if the instant case pending before the Court and an earlier-filed case pending in another federal court "overlap on the substantive issues, the cases [should] be ... consolidated in ... the jurisdiction first seized of the issues." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997) (internal quotation marks omitted). That is because "[t]he Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed," and, "[t]herefore, the 'first to file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Id.* at 920 (internal quotation marks omitted). "Once the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] no longer up to the [second filed court] to resolve the question of whether both should be allowed to proceed." *Cadle*, 174 F.3d at 605 (internal quotation marks omitted).

"The rule does not, however, require that cases be identical"; rather, regardless of whether the issues or parties in the cases are identical, "[t]he crucial inquiry is one of 'substantial overlap,'" and if the cases "overlap on the substantive issues, the cases [are] required to be consolidated in ... the jurisdiction first seized of the issues." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (internal quotation marks omitted); *see also id.* at 951 ("Complete identity of parties is not required for

-3-

dismissal or transfer of a case filed subsequently to a substantially related action."). If this Court finds that the issues in the two case might substantially overlap, "the proper course of action [is] for the court to transfer the case to the [Nevada] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Cadle*, 174 F.3d at 606.

## Analysis

### Timeliness of Defendants' Motion to Transfer

As a threshold matter, Plaintiff asserts that Defendants' invocation of the first-to-file doctrine was waived by Defendants' failure to file their motion within the time periods specified by Fed. R. Civ. P. 81(c)(2). Rule 81(c)(2) provides that "[a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving – through service or otherwise – a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed." FED. R. CIV. P. 81(c)(2). Defenses covered by Fed. R. Civ. P. 12(b) are among the "other defenses or objections under these rules" contemplated by Rule 81(c)(2). *See Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007) (explaining that Rule 81(c) operates to "set the deadline for [a defendant] to make its first responsive pleading or motion after removal").

In their motion to transfer, Defendants did not invoke Rule 12(b) at all. *See* Dkt. No. 7. In reply to Plaintiff's timeliness argument, Defendants suggest that the motion

may be a Rule 12(b) motion – presumably (although Defendants do not so specify) a Rule 12(b)(3) improper venue challenge, because that is the only defense into which the first-to-file rule could possibly fit. *See* Dkt. No. 12 at 4. Defendants reply that Plaintiff's "waiver argument is inconsistent with the plain language of Rule 12(b) of the Federal Rules of Civil Procedure, which provides that a 'motion asserting any of these [Rule 12(b)] defenses must be made before pleading if a responsive pleading is allowed'" and that "[t]here is no deadline for filing a Rule 12(b) motion, as long as the motion is filed before the filing of an answer." *Id.* Defendants therefore contend that, "[b]ecause Defendants complied with Rule 12(b) by filing their motion to transfer before any responsive pleading, [Plaintiff's] waiver argument should be rejected." *Id.*

This dispute implicates a split among the courts as to whether Rule 12 or Rule 81 imposes a deadline to file a motion raising Rule 12(b) defenses. *See* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §§ 1391, 1395 (3d ed. 2013). To be sure, "[o]nce the plaintiff effects service of process, ... Rule 12 is triggered and then the defendant must answer the complaint or risk default." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999). Filing a Rule 12(b) motion extends the time for answering, pursuant to Rule 12(a)(4). And, as Defendants note, Rule 12(b) itself only dictates that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b). Likewise, "Rule 12(h)(1) does not explicitly require motions under 12(b) to be made within the time required to file a responsive pleading. In fact, no provision in Rule 12 mentions a time limit for filing a motion to dismiss." *Christenson Media*

*Group, Inc. v. Lang Indus., Inc.*, No. 10-2505-JTM, 2011 WL 2551744, at *2 (D. Kan. June 27, 2011).

But many courts have interpreted Rule 12 to impose a deadline to file a Rule 12(b) motion by the answer date established by Rule 12(a). And Rule 81(c)(2) <u>does</u> set a time limit for filing a motion in lieu of an answer. *See* FED. R. CIV. P. 81(c)(2); *Nationwide Bi-Weekly*, 512 F.3d at 141. It is difficult to reconcile the view that Rule 12 does not establish deadline (by the answer date) for filing a Rule 12(b) motion in a case originally filed in federal court where Rule 81(c)(2) expressly imposes the deadline for either answering or filing a Rule 12(b) motion in a case removed to federal court.

In all events, this case was removed, and Defendants have not answered, and therefore Rule 81(c)(2) governs. There appears to be no dispute that Defendants were served with the state court action on September 9, 2013, and Defendants removed the case on September 18, 2013. As such, Rule 81(c)(2) dictated that Defendants were required to answer or present other defenses or objections by no later than September 30, 2013. Defendants did not file their motion until October 7, 2013.

In that sense, Defendants' motion is untimely. But Plaintiff is mistaken as to the effect of the untimely filing of Defendants' motion to transfer. Rule 81(c)(2) does not address the waiver of defenses or the validity of a Rule 12(b) motion that is filed before an answer. Rather, a defendant who fails to timely file an answer or a Rule 12(b) motion risks default. Assuming that Defendants' motion is brought under Rule 12(b)(3), their challenge to venue based on the first-to-file doctrine is not waived so long as it is raised in a Rule 12 motion that complies with the requirements of Rule

12(g) and 12(h). *See* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1395 (3d ed. 2013) ("A defense or objection is lost in the federal court only if it is not interposed as prescribed by Rules 12(g) and 12(h)."). Rule 12(g) has no application here, where Defendants did raise their venue challenge in their motion, and Rule 12(h) does not provide for waiver of a Rule 12(b)(3) venue defense for failure to raise it within the time period set forth for a responsive pleading by Rules 12(a) and 81(c)(2). *See id.* § 1391.

Accordingly, the only issue is whether Defendants waived the right to bring this pre-answer motion, notwithstanding the non-waiver of their venue challenge itself. "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Defendants did not plead or otherwise timely respond as required by Rule 81(c)(2). And, "[a]s a general rule, federal courts will consider a Rule 12(b) motion by a party in default as untimely and therefore as having been waived." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1391 (3d ed. 2013).

There has been no entry of default against Defendants, however, and Plaintiff has not made any request for one. Indeed, in opposing Defendants' motion, Plaintiff does not suggest that Defendants are in default or should have default entered against them based on the untimeliness of their motion. That may be because Plaintiff understands that, under Fed. R. Civ. P. 55(c), a court may set aside an entry of default for good cause and that the good cause standard is a liberal one, *see Effjohn Int'l Cruise*

*Holdings, Inc. v, A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003); that default judgments, to which an entry of default is a necessary precursor, *see New York Life Ins. Co.*, 84 F.3d at 141, are generally disfavored in the law and that there is a strong policy in favor of deciding cases on the merits, *see Fortenberry v. Tex.*, 75 F. App'x 924, 926 n. 1 (5th Cir.2003); and that default judgment should not be granted on a claim, without more, that a defendant failed to meet a procedural time requirement, *see Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984). Rather, Plaintiff – which wants this Court to hold on to and decide this case on the merits – argues simply that the untimely filing means that the venue challenge is waived and the motion should be denied on that basis. *See* Dkt. No. 10 at 6-7. But, as explained above, the Court concludes that the venue challenge itself is not waived by any untimely filing of a motion raising the challenge, where Defendants filed that motion before Defendants filing any other Rule 12 motion and before answering. *See* FED. R. CIV. P. 12(g)-(h).

The Court need not consider whether Defendants were or were not in default because the Court concludes that Defendants' motion should be treated as timely pursuant to Fed. R. Civ. P. 6(b), which authorizes the Court to accept late filings when the failure to file timely is the result of "excusable neglect." The United States Supreme Court has defined excusable neglect as an "elastic concept" not limited to circumstances beyond the control of the party. *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The Court held that whether a party's failure to meet a deadline is excusable requires an equitable determination "taking

account of all the relevant circumstances surrounding the party's omission." *Id.* at 395. The factors to be considered include: (1) the danger of prejudice to the non-moving party; (2) the potential impact on the proceedings; (3) the reason for the delay; and (4) whether the party acted in good faith. *See id.*

Here, Defendants maintain that their motion was timely filed under Rule 12(b) and have not conceded that their motion was untimely or expressly invoked the excusable neglect standard. But, while the Court concludes that Rule 81(c)(2) governs and established a deadline that Defendants did not meet in filing their motion, the Court also notes that the motion was filed only seven days after this deadline that Plaintiff itself invokes and that there is no indication of bad faith on Defendants' part for filing their motion when they did. As noted above, many courts and commentators have adopted the position that a Rule 12(b) motion can be timely filed after the answer date set by Rule 12. Further, Plaintiff has not shown that consideration of the motion would impact the proceedings in a negative fashion or would legally prejudice Plaintiff if the Court considers the motion to transfer on the merits. *Compare Christenson Media Group*, 2011 WL 2551744, at *2. As discussed above, even if the motion were to be deemed waived, Defendants' challenge to venue under the first-to-file rule is not waived. Further, the first-to-file rule is concerned "rests on principles of comity and sound judicial administration" and is animated by the concern "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Cadle*, 174 F.3d at 603. As such, the Court has its own interests in addressing this rule's application

to a particular case, quite apart from any motion a defendant may file. For this reason, even if Defendants had not filed their motion to transfer, the Court could raise the first-to-file rule *sua sponte*. *See S&B Eng'rs & Constructors, Ltd. v. Alstom Power, Inc.*, No. 3:04-cv-150-L, 2004 WL 2360034, at *1 (N.D. Tex. Oct. 19, 2004). Bearing in mind the Court's preference for considering motions on the merits, Defendants' tardiness in filing their motion is excusable, and the Court will consider the motion. And, for these same reasons, even if Defendants were not required to file their motion within the time set by 81(c)(2), the Court would find that Defendants' filed their motion within a reasonable amount of time – here, within 20 days of removal.

Finally, the Court notes that, while, at least in reply, Defendants characterize their motion to transfer as a Rule 12(b) motion, Defendants (correctly, in light of Fifth Circuit precedent, as discussed above) do not seek dismissal, which is what a Rule 12(b) motion generally seeks. And, in fact, the United States Supreme Court's decision in *Atlantic Marine Construction Co., Inc. v. U.S. District Court for Western District of Texas*, No. 12-929, ___ S. Ct. ___, 2013 WL 6231157 (U.S. Dec. 3, 2013), dictates that the first-to-file rule cannot be enforced through a motion to dismiss under Rule 12(b)(3).

In that case, the Supreme Court addressed "the procedure that is available for a defendant in a civil case who seeks to enforce a forum-selection clause" and rejected an "argument that such a clause may be enforced by a motion to dismiss under 28 U.S.C. § 1406(a) or Rule 12(b)(3) of the Federal Rules of Civil Procedure." *Id.* at *4. In so doing, the Court held that Rule 12(b)(3) "authorize[s] dismissal only when venue is

-10-

... 'improper' in the forum in which it was brought." *Id.* at *6. The Court held that venue is improper if a case does not fall within the governing federal venue statute, which is generally 28 U.S.C. § 1391. *See id.* "If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed [under Rule 12(b)(3)] or transferred under § 1406(a)." *Id.*

This case was removed from state court, so venue is governed by 28 U.S.C. § 1441(a), not Section 1391, *see Collin Cty. v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45, 51-52 (5th Cir. 2007), and Defendants' motion to transfer venue is based on the first-to-file rule, not a forum-selection clause. But the basic reasoning of *Atlantic Marine* applies with just as much force here. Defendants do not claim that venue does not properly lie in the Northern District of Texas under Section 1441(a). In fact, they asserted that venue in this Court is proper under Section 1441(a) when removing the case. *See* Dkt. 2 at 3. Furthermore, Defendants' arguments in their motion – and the first-to-file rule itself – do not challenge the propriety of venue in this district under Section 1441(a) or any other federal venue statute. Rather, Defendants argue only that the case should be transferred to the United States District Court for the District of Nevada because that is the court in which the first suit was filed and because the first suit and this case involve issues that substantially overlap.

In light of this new precedent, whatever may have been true prior to the Supreme Court's *Atlantic Marine* decision, Defendants' motion to transfer will not succeed as a Rule 12(b)(3) motion to dismiss. But, without the benefit of the Supreme Court's holding in *Atlantic Marine* at the time of filing, there is no suggestion that

Defendants did not invoke Rule 12(b) in good faith. And the Court does not read Rule 81(c)(2) as setting the deadline for only meritorious or successful Rule 12(b) motions or, for that matter, Rule 12(a)(4) as requiring a meritorious or successful Rule 12(b) motion to trigger the automatic extension of a defendant's answer date.

Accordingly, while the Court will not grant dismissal under Rule 12(b)(3) for improper venue under the first-to-file rule – a remedy that Defendants do not even seek and that existing Fifth Circuit first-to-file rule precedent would foreclose in any event – the Court rejects Plaintiff's argument that, because Defendants filed their motion outside the time set by Rule 81(c)(2) in this case, Defendants waived the first-to-file rule as a basis for a motion to transfer.

The First-to-File Rule

Turning to the substantive issue of whether this case should be transferred based on the first-to-file rule, the issue for the Court to decide is whether the instant case and the earlier-filed Nevada case overlap on the substantive issues. Here, Defendants have adequately made that showing: both lawsuits arise from or relate to the same note and facts related to its foreclosure, both seek a resolution of the ownership of Nicospan, its patent application, and its trademark, and both involve allegations regarding the appropriation of the software that Silver Eagle Labs, Inc. used to receive purchase orders and send invoices. Contrary to Plaintiff's argument, *see* Dkt. No. 10 at 6, the fact that the Nevada action may not, as the instant case does, involve claims related to Defendant's alleged falsification of a balance sheet does not mean that the substantive issues in the two cases do not <u>substantially</u> overlap or that

the two cases do not involve substantially similar issues. Further, as noted above, to transfer a later-filed case under the first-to-file rule, the parties in the cases need not be identical. But, even so, here Strukmyer, LLC (the plaintiff in this case) and Silver Eagle Labs, Inc. and Infinite Financial Solutions, Inc. are parties in both actions.

Plaintiff does not seriously dispute this analysis. Rather, it invokes an exception to the first-to-file rule for certain kinds of declaratory judgment actions and asserts that transfer is inappropriate where, after Strukmyer informed Defendants of its intent to file this action in Texas, Defendants rushed to Nevada federal court to thwart the agreed venue provided for by forum-selection clauses in certain contracts at issue. Plaintiff argues that venue remains properly in Dallas County, Texas because, under a statutory venue analysis under 28 U.S.C. §§ 1404(a) or 1406, the vast majority of factors weigh substantially in favor of Dallas County Texas as the proper venue and none mitigate in favor of Nevada.

Each of these arguments falls short. First, while courts have a recognized limited exception to the first-to-file rule for "anticipatory" declaratory judgment actions filed for an abusive or improper reason, *see Paragon Indus., L.P. v. Denver Glass Machinery, Inc.*, No. 3:07-cv-2183-M, 2008 WL 3890495, at *4 (N.D. Tex. Aug. 22, 2008), that exception does not apply here. The reasoning underlying this exception is that anticipatory filing in order to avoid litigation by the defendant deprives the "true plaintiff" of his right to select the proper forum. *See id.* at *7. But even "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it ... is not in itself improper anticipatory litigation or otherwise abusive forum shopping."

-13-

*Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 391 (5th Cir. 2003) (internal quotations omitted). Here, Defendants may have filed in anticipation of Plaintiff's threatened lawsuit in Texas, but they did not merely file a declaratory judgment action to fix venue in advance of Plaintiff's filing its own lawsuit. Rather, after serving their own demand letter, the Nevada plaintiffs filed suit alleging a number of substantive causes of action. The Court concludes that these are not the circumstances in which this limited exception should be applied, particularly by the court with the later-filed case.

Second, Plaintiff's efforts to invoke Sections 1404(a) and 1406 and contractual forum-selection clauses are misplaced under a first-to-file rule analysis. Defendants are not moving to transfer based on Section 1404(a) but rather based on the first-to-file rule. As such, if this Court finds that the issues in the two case might substantially overlap – as it does – "the proper course of action [is] for the court to transfer the case to the [Nevada] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Cadle*, 174 F.3d at 606. "[T]he 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Id.* "As the court in which the first suit was filed, the [Nevada] district court is entitled to determine which forum should hear this dispute. It may grant [a] motion to transfer to the Northern District of Texas if it agrees that the interests of justice so mandate." *Wells Fargo Bank, N.A. v. W. Coast Life Ins. Co.*, 631 F. Supp. 2d 844, 848 (N.D. Tex. 2009). "In

-14-

short, this Court's analysis is limited to which suit was filed first, and whether substantial overlap between the suits exists." *Id.* A Section 1404(a) or 1406 analysis has no place in this Court's determination of Defendants' motion.

Likewise, Plaintiff's argument based on forum-selection clauses "is preempted by the first-to-file rule." *Bank of Am. v. Berringer Harvard Lake Tahoe*, No. 3:13-cv-585-G, 2013 WL 2627085, at *4 (N.D. Tex. June 12, 2013). "Even if [Plaintiff] is correct, the issue of whether the forum-selection clause binds the parties does not need to be addressed by the court in the second-filed action." *Id.*

## Conclusion

For these reasons, the Court GRANTS Defendants' Motion to Transfer Venue, or in the Alternative, to Stay Pursuant to the First-to-File Rule [Dkt. No. 7] and ORDERS this case to be transferred to the United States District Court for District of Nevada for further disposition.

SO ORDERED.

DATED: December 5, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE